IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

FILED AUG 16 2012

SUNTRUST MORTGAGE, INC., )
)
    Complainant, )
)
v. ) Civil Action No. 3:12CV591
)
STATE BANK OF ILLINOIS, )
)
    Defendant. )



## COMPLAINT

Complainant, SunTrust Mortgage, Inc. ("SunTrust"), by counsel, recites the following facts and allegations in support of its Complaint against State Bank of Illinois ("State Bank");

## NATURE OF ACTION

1. SunTrust agreed to fund mortgage loans brokered by State Bank pursuant to the terms of a Mortgage Broker Agreement ("Agreement"). SunTrust then resold the loans to secondary investors, including the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac").

2. State Bank has an obligation to indemnify SunTrust or repurchase loans upon the occurrence of certain events. State Bank has breached its indemnification and repurchase requirements, as stated under the Agreement, and SunTrust seeks to recover losses occasioned by State Bank's breach of contract.

1

## PARTIES

3. Complainant SunTrust is a Virginia corporation duly authorized to conduct business in the Commonwealth of Virginia, with its principal place of business in Richmond, Virginia.

4. Upon information and belief, State Bank was at all relevant times herein an Illinois corporation, with its principal place of business in Chicago, Illinois.

## JURISDICTION AND VENUE

5. Jurisdiction is proper under 28 U.S.C. § 1332(a) based upon diversity of citizenship between the parties and an amount in controversy in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

6. Venue is proper in this Court under 28 U.S.C. § 1391(a) based upon a Mortgage Broker Agreement entered into between SunTrust and State Bank on or about August 1, 2005, wherein the parties submit to the personal jurisdiction of the United States District Courts sitting in Virginia, and agree that venue is proper before the United States District Court for the Eastern District of Virginia, Richmond Division.

## BACKGROUND FACTS

7. On or about August 1, 2005, SunTrust and State Bank entered into a Mortgage Broker Agreement, whereby State Bank agreed to originate, process and broker mortgage loans to SunTrust, and SunTrust agreed to close and fund the loans in its own name, subject to the terms of the Agreement. See, Exhibit 1.

8. Paragraph 15 of the Agreement states that, among other things, State Bank will indemnify SunTrust against "any and all claims, losses, damages, fines, penalties, forfeitures, attorney's fees, judgments and any costs, court costs, fees and expenses" relating to, or arising from, the breach of any representation, warranty, term, condition or obligation contained in either the

Agreement or elsewhere, or for any materially inaccurate, incomplete, false or misleading information provided by or through State Bank to SunTrust.

9. Among other things, State Bank warranted to SunTrust, in paragraph 9 of the Agreement:

   a. That it originated, processed and brokered each loan in full compliance with the Agreement and SunTrust's terms;

   b. That it has complied with all applicable laws;

   c. That all information contained in the loan applications, as well as the loan application packages, is genuine, complete and accurate, and that they contained no fraudulent or misleading information – "including, without limitation, any information obtained from or concerning the Borrower or the Secured Property, any credit report regarding the Borrower, or any appraisal report regarding the Secured Property"; and

   d. That each loan constitutes an acceptable investment.

10. State Bank also agreed, at Paragraph 4.2.1, that it "...shall be responsible of the accurate preparation and completion of the Loan Application Package."

11. In accordance with paragraph 13 of the Agreement, State Bank agrees to repurchase the loan within ten days of SunTrust's repurchase demand upon the occurrence of the following Events of Default: (1) An uncured breach of representation or warranty; (2) Failure to deliver certain documents; (3) The loan application or package are discovered to contain materially incomplete, inaccurate, false or misleading information; (4) Failure to comply with the Agreement or other terms and conditions; or (5) Bankruptcy filing by State Bank.

12. SunTrust reasonably relied on the representations made by State Bank in the Agreement that the loan application packages and loan applications themselves were accurate and contained no false or misleading information.

13. SunTrust has made demand upon State Bank for repurchase of loans and indemnification of losses, with which State Bank has not complied.

### Hakanson 0524 Loan

14. State Bank originated and processed the Hakanson 0524 Loan, which it brokered to SunTrust.

15. SunTrust funded the Hakanson 0524 Loan pursuant to the Agreement on or about November 05, 2007.

16. The Hakanson 0524 Loan was subsequently sold to Fannie Mae by SunTrust.

17. On or about November 18, 2009, Republic Mortgage Insurance Company ("RMIC") notified SunTrust that it was rescinding the mortgage insurance coverage for the Hakanson 0524 Loan based upon a finding that the loan package contained inaccurate information regarding the borrowers' income and occupancy of the subject property.

18. The borrowers earned a monthly income in an amount substantially less than stated in the loan package submitted to SunTrust.

19. The borrowers did not occupy the subject property as a primary residence as stated in the loan package submitted to SunTrust.

20. On or about July 15, 2011, Fannie Mae demanded that SunTrust indemnify it for its losses on the Hakanson 0524 Loan based upon its determination that the loan was ineligible for purchase because the mortgage insurance had been rescinded.

21. SunTrust concurred with RMIC's and Fannie Mae's reviews, and subsequently indemnified Fannie Mae for its losses. SunTrust has suffered damages in the amount of $152,678.12 for the Hakanson 0524 Loan.

22. Had SunTrust known that the loan package contained inaccurate, false or misleading information regarding the borrowers' income and occupancy of the subject property, it would not have purchased the loan.

Mays 7041 Loan

23. State Bank originated and processed the Mays 7041 Loan, which it brokered to SunTrust.

24. SunTrust funded the Mays 7041 Loan pursuant to the Agreement on or about August 24, 2007.

25. The Mays 7041 Loan was subsequently sold to Fannie Mae by SunTrust.

26. On or about November 13, 2009, RMIC notified SunTrust that it was rescinding the mortgage insurance coverage for the Mays 7041 Loan based upon a finding that the loan package contained inaccurate information regarding the borrower's assets.

27. The individual who purportedly filled out the verification of deposit submitted to SunTrust in the loan package was not an employee of the bank.

28. The borrower had available assets in an amount substantially less than stated in the loan package submitted to SunTrust.

29. On or about December 05, 2011, Fannie Mae demanded that SunTrust indemnify it for its losses on the Mays 7041 Loan based upon its determination that the loan was ineligible for purchase because the mortgage insurance had been rescinded.

30. SunTrust concurred with RMIC's and Fannie Mae's reviews, and subsequently indemnified Fannie Mae for its losses. SunTrust has suffered damages in an amount not less than $193,495.17 for the Mays 7041 Loan.

31. Had SunTrust known that the loan package contained inaccurate, false or misleading information regarding the borrower's available assets, it would not have purchased the loan.

**FIRST CLAIM FOR RELIEF AGAINST STATE BANK**

**FOR BREACH OF CONTRACT OF INDEMNIFICATION**

32. SunTrust restates and realleges paragraphs 1 – 31 as if set out in full.

33. The Agreement is a valid and enforceable contract binding upon the parties.

34. SunTrust substantially performed all of its obligations and duties under the Agreement when it funded the subject loan and compensated State Bank.

35. State Bank has breached the indemnification provision of the Agreement found at paragraph 15 by failing to indemnify SunTrust against losses incurred as a result of State Bank's breach of representations and warranties contained in paragraph 9 of the Agreement, as well as losses incurred due to materially inaccurate, incomplete, false or misleading information provided by State Bank to SunTrust.

36. The breach of the indemnification provision by State Bank has resulted in damages to SunTrust for the Hakanson 0524 Loan and the Mays 7041 Loan.

## SECOND CLAIM FOR RELIEF AGAINST STATE BANK
## FOR BREACH OF EXPRESS WARRANTY

37. SunTrust restates and realleges paragraphs 1 – 31 as if set out in full.

38. The Agreement is a valid and enforceable contract binding upon the parties.

39. SunTrust substantially performed all of its obligations and duties under the Agreement when it funded the subject loan and compensated State Bank.

40. State Bank has breached Warranty 9.1 of the Agreement, among other provisions, by brokering loans that were not eligible under the loan programs offered by SunTrust.

41. State Bank has breached Warranty 9.5 of the Agreement, among other provisions, by providing SunTrust with loan materials that contained misleading information.

42. State Bank has breached Warranty 9.6 of the Agreement, among other provisions, by brokering loans to SunTrust that did not constitute an acceptable investment.

43. State Bank has created an Event of Default under paragraph 12.3, among other provisions, by submitting information that contained false or misleading statements.

44. SunTrust has been damaged by multiple breaches of contract committed by State Bank which have resulted in a loss from the Hakanson 0524 Loan and the Mays 7041 Loan.

### THIRD CLAIM FOR RELIEF AGAINST STATE BANK
### FOR SPECIFIC PERFORMANCE

45. SunTrust restates and realleges paragraphs 1 – 31 as if set out in full.

46. The Agreement is a valid and enforceable contract binding upon the parties.

47. SunTrust substantially performed all of its obligations and duties under the Agreement when it funded the subject loan and compensated State Bank.

48. Pursuant to paragraph 13 of the Agreement, in addition to its other remedies, SunTrust may demand repurchase of certain loans (or the secured property if the loan has been subject to foreclosure) by State Bank upon 10 calendar days notice.

49. SunTrust, by and through its agents, has made repurchase demands, with which State Bank has not complied.

50. Under the Agreement, the repurchase price is calculated as the higher of (a) the unpaid principal balance or (b) the price paid by SunTrust (but not less than par), plus all accrued interest through and including the date of repurchase, together with expenses, court costs, legal, and professional fees.

51. SunTrust has suffered a loss of not less than $193,495.17 on the Mays 7041 Loan.

### RELIEF SOUGHT

Wherefore, Complainant SunTrust respectfully requests this Honorable Court to grant judgment in its favor and against the Defendant State Bank as more fully set forth below:

### FIRST CLAIM FOR RELIEF FOR BREACH OF CONTRACT OF INDEMNIFICATION

1. For general damages against State Bank, SunTrust requests indemnification in the amount of $346,173.29;

2. For actual attorney's fees, costs and expenses, in accordance with the Agreement, incurred as a result of, or arising from, the activities of State Bank which have given rise to the breach; and

3. For interest at the statutory rate.

### SECOND CLAIM FOR RELIEF FOR BREACH OF EXPRESS WARRANTY

1. For general damages against State Bank in an amount to be proven at trial, but which are not less than the sum of $346,173.29;

2. For actual attorney's fees, costs and expenses, in accordance with the Agreement, incurred as a result of, or arising from, the activities of State Bank which have given rise to the breach; and

3. For interest at the statutory rate.

### THIRD CLAIM FOR RELIEF FOR SPECIFIC PERFORMANCE

1. For an order charging State Bank to repurchase the secured property for the Mays 7041 Loan, or in the alternative, for general damages against State Bank in an amount not less than the sum $193,495.17;

2. For actual attorney's fees, costs and expenses incurred herein, in accordance with the terms of the Agreement; and

3. For interest at the statutory rate.



WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

Richmond, Virginia
August 14, 2012

Respectfully Submitted,

L. Scott Bruggemann
VSB No. 42634
e-mail: sbruggemann@wolfewyman.com
Harijot S. Khalsa
VSB No. 78682
e-mail: hskhalsa@wolfewyman.com
Wolfe & Wyman LLP
901 E. Byrd Street, Ste. 1105
Richmond, VA
(804) 649-0100 (phone)
(804) 343-0101 (fax)
*Attorneys for SunTrust Mortgage, Inc.*